IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANDREW DICKSON,**

                **Petitioner,**

     v.                                      **CASE NO. 07-3295-SAC**

**PAUL MORRISON, et al.,**

                **Respondents.**

## O R D E R

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254, and has paid the district court filing fee. Petitioner's pending motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 is thus denied as moot.

Petitioner challenges his 2000 conviction in Sedgwick County District Court on charges of rape and aggravated criminal sodomy, as affirmed by the Kansas Supreme Court. *See* <u>State v. Dickson</u>, 275 Kan. 683 (2003).

A one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). Relevant to the present case, that one year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). The running of the limitation period is subject to tolling if petitioner properly pursues state post-conviction relief or other collateral review. 28 U.S.C. § 2244(d)(2).

Applying these statutes to the dates provided by petitioner in

his application, the court finds this matter should be dismissed because the application is time barred.  See <u>Jackson v. Sec. for Dept. of Corrections</u>, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a 2254 petition even though the statute of limitations is an affirmative defense).

The Kansas Supreme Court entered its final decision in petitioner's direct appeal on May 30, 2003.  The § 2244(d)(1) limitation period began running 90 days later when the period for seeking a writ of certiorari in the United States Supreme Court expired.  See <u>Locke v. Saffle</u>, 237 F.3d 1269 (10th Cir. 2001)("direct review" in 28 U.S.C. § 2244(d)(1)(A) includes period in which petitioner can file a petition for a writ of certiorari from United States Supreme Court, whether or not such a petition is filed).  Petitioner tolled the running of the § 2244(d)(1) limitation period some ten months later when he filed a motion in the state district court in July 2004 to correct an illegal sentence.[1]  In that motion he argued in part the sentencing court failed to notify petitioner of his right to allocution, which is the sole claim petitioner asserts in the instant § 2254 petition.  On March 2, 2007, the Kansas Court of Appeals treated the action as a post-conviction motion filed under K.S.A. 60-1507, and affirmed the state district court's denial of relief.  The remainder of the § 2244(d)(1) limitation period began running when the Kansas Supreme Court denied further review on June 21, 2007, and expired at most

---

[1] Petitioner does not provide the exact date in July 2004 that he filed his post-conviction motion.

2

two months later.  Petitioner did not submit the instant petition, however, until November 29, 2007, at the earliest when he signed his petition and presumably handed it to prison officials for mailing. *See* Houston v. Lack, 487 U.S. 266, 270 (1988)(prisoner's notice of appeal deemed filed when delivered to prison authorities for forwarding to district court); Price v. Philpot, 420 F.3d 1158 (10th Cir. 2005)(stating requirements that must be satisfied for application of prisoner mailbox rule).

The court thus finds the petition is subject to being dismissed as time barred because it was not filed within the time provided under 28 U.S.C. § 2244(d)(1) and (2).  Although equitable tolling can excuse a late habeas petition when a prisoner demonstrates both that (1) he "has been pursuing his rights diligently, and (2) ... some extraordinary circumstance stood in his way," Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), the court finds nothing on the face of the petition to suggest equitable tolling would be appropriate in this case.  See also Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Accordingly, petitioner is directed to show cause why the petition should not be dismissed as untimely filed.  The failure to file a timely response may result in the dismissal of the petition as time barred, without further prior notice to petitioner.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is denied as moot.

IT IS FURTHER ORDERED that petitioner is granted twenty (20)

days to show cause why the petition should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 8th day of October 2008 at Topeka, Kansas.


<u>s/ Sam A. Crow</u>
SAM A. CROW
U.S. Senior District Judge

4